## City of Macomb v. County of McDonough.

1. PAUPERS—*when county liable to city for expenditures in furnishing medical aid, etc.* Where a county after notice of the necessity therefor fails to care for poor persons, as provided by section 24 of the Pauper Act, and a city does so, such city may recover from the county the amount expended by it for that purpose, if reasonable, and notice to any one of the members of the county board is sufficient.

2. INSTRUCTION—*when giving of, containing abstract proposition of law, erroneous.* An instruction containing an abstract proposition of law is ground for reversal where its tendency would be to mislead the jury.

Assumpsit. Error to the Circuit Court of McDonough county; the Hon. J. A. GRAY, Judge, presiding. Heard in this court at the November term, 1906. Reversed and remanded. Opinion filed June 1, 1907.

HARRY M. TABLER and PHILIP E. ELTING, for plaintiff in error.

WILLIAM H. NEECE, for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in *assumpsit* by appellant against

appellee for the recovery of money alleged to have been expended by said city for necessary board, nursing and medical aid rendered to poor persons afflicted with small-pox. A trial by jury resulted in a verdict in favor of the defendant, to reverse which the plaintiff appeals. The declaration alleges that on August 15, 1901, there were in the city of Macomb, divers persons, residents of the defendant county, who were afflicted with small-pox, and were poor persons, not having money or property with which to pay their board, nursing and medical aid and who were not properly provided for, of all of which the defendant through its officers then and there had notice; that although it was its duty to provide said poor persons with board, nursing and medical aid, the defendant neglected and refused so to do; that the plaintiff, by its board of health, then and there deeming it necessary that immediate steps be taken to protect the lives of said poor persons, and to prevent the spread of said disease, procured and furnished the board, nursing and medical aid necessary to be rendered to such poor persons and paid out therefor, for the use of the defendant, the sum of $2,000; that afterward the plaintiff presented a statement in writing of its reasonable charges in that behalf to the county board of the defendant county, by reason whereof the defendant became liable to and promised to pay the same to the plaintiff, etc. To such declaration the plea of general issue was interposed. The evidence tends to show that on July 5, 1901, the following persons residing in Macomb were afflicted with small-pox, viz.: seven members of the Leach family, who were confined in quarantine; eight members of the Rinehart and Everman families, all in quarantine at the Breeden house; and eight young men and women, who were detained at the pest house provided by the city. The evidence further tends to show that upon learning of the prevalence of the disease, the board of health of the city of Macomb held a meeting, and that afterward, Smithers,

the clerk of the board, notified supervisor Barley, the *ex-officio* overseer of the poor for the city of Macomb, that the board of health had concluded to take charge of the small-pox cases themselves; that they had looked up the law and found that the board had the same rights that the supervisors had, and that Barley responded "All right, I don't want to look after it anyway. I am glad to get out of it."

Appellant predicates its right of recovery upon section 24 of the statute entitled "Paupers" then in force, which reads as follows: "When any non-resident or any person not coming within the definition of a pauper of any county, or town, shall fall sick, not having money or property to pay his board, nursing and medical aid, the overseers of the poor of the town or precinct in which he may be, shall give, or cause to be given, to him such assistance as they may deem necessary and proper, or cause him to be conveyed to his home, subject to such rules and regulations as the county board may prescribe and if he shall die, cause him to be decently buried." Rev. Stat. 1901, page 1315.

It is well settled that where a county, after notice of the necessity therefor, fails to care for poor persons as provided by the foregoing statute, and a city does so, such city may recover from the county the amount expended by it for that purpose, if reasonable, and notice to any one of the members of the board is sufficient. City of Chester v. County of Randolph, 112 App. 513; County of Winnebago v. City of Rockford, 61 App. 656; County of Perry v. City of DuQuoin, 99 Ill. 494.

We have read the abstract of the evidence adduced upon the trial and are satisfied therefrom that the persons to whom assistance was rendered by appellant, while not paupers, were "poor persons" within the intendment of the statute quoted. Furthermore, we think that where an epidemic of contagious disease threatens a community, it is not essential that the authorities, before taking action to meet the emergency,

City of Macomb v. County of McDonough.

make any other or further investigation as to the financial status of those already afflicted than is reasonable and possible under the circumstances. The statute should receive a liberal, rather than strict construction. The mere fact that it may be subsequently developed that one or more of the persons cared for had money or property with which to pay his board, nursing or medical aid, in whole or in part, should not operate to prevent reimbursement by the county in cases where the city authorities have exercised the degree of diligence shown in the present case. The evidence further tends to show that the assistance rendered was not only necessary, but apparently imperative, and further that the expenditures were reasonable in view of all the circumstances.

It is not controverted by appellee that the county authorities, through Barley, did have full notice of the situation and the attendant perils, but it is strenuously insisted that the city officials, because of their failure to request the overseer of the poor to take charge of the matter, and the announcement that they had decided to assume such duty, relieved the county of the same; that there is no proof in the record that the county board at any time neglected or refused to perform their entire duty in the matter; that the city, having through ignorance of the law, exceeded their authority and assumed a burden not imposed upon them, should bear the expense thereof. Such contention is without force. The overseer of the poor must have known that under the law, it was the duty of the county to render such assistance as was necessary to those coming within the statute. If after having had notice of the emergency existing, and that the city was about to take charge of the patients, the county board desired to exercise the right to determine who should or should not receive aid and to regulate and control the expenses to be incurred in rendering the same, it should have ignored the city authorities and insisted upon its right to perform the duty imposed upon it by the statute.

536    APPELLATE COURTS OF ILLINOIS.

VOL. 134.]    Springfield Cons. Ry. Co. v. Johnson.

Having, by acquiescence, waived its right and power in the premises, and permitted the city to assume the duty and responsibility, it cannot now cómplain. We are therefore of opinion that the unwarranted assumption of jurisdiction and control by the city did not operate to relieve the county of its liability for the necessary and reasonable expenses incurred.

The third instruction given at the instance of appellee, was abstract in form and defined the word "pauper" as used in the statute. The instruction was prejudicial, as tending to lead the jury to believe that in order to warrant a recovery, it was essential that those cared for must have fallen within the definition therein given. There was no claim that such persons were paupers and the question was not involved. The judgment is reversed and the cause remanded.

*Reversed and remanded.*